**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Otero,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-08-00410-PHX-FJM<br><br>**ORDER** |

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration's decision that she is not eligible for disability benefits. We have before us plaintiff's motion for summary judgment, supporting memorandum, and statement of facts (docs. 9, 11 & 10), and defendant's cross-motion for summary judgment in opposition and supporting statement of facts (docs. 12 & 13).

Plaintiff applied for disability benefits on May 24, 2005, alleging a disability onset date of December 31, 2001, due to rheumatoid arthritis. The claim was denied both initially and upon reconsideration. After a September 19, 2007 hearing, the Administrative Law Judge ("ALJ") denied plaintiff's application for benefits by written decision on October 31, 2007. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 11, 2008.

1  An ALJ's decision to deny benefits will be overturned "only if it is not supported by
2  substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin.,
3  169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a
4  reasonable mind might accept as adequate to support a conclusion." Id. Under this standard,
5  an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the
6  record," even where "evidence exists to support more than one rational interpretation."
7  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); see also 42
8  U.S.C. § 405(g).

9  The ALJ concluded that plaintiff retained the residual functional capacity to perform
10 "the full range of sedentary work" as of her date last insured, December 31, 2002. Tr. at 16.
11 He also determined that plaintiff was able to perform her past relevant work as a caregiver,
12 which the vocational expert testified was sedentary and low-end semi-skilled as performed.
13 Id. at 19, 460. Accordingly, the ALJ found that plaintiff is not entitled to disability benefits.
14 Id. at 20. Plaintiff now argues that the ALJ: (1) improperly weighed the medical evidence
15 and rejected the opinion of her treating rheumatologist; and (2) failed to consider whether her
16 most recent past relevant work was under "sheltered" conditions.

17 Plaintiff submitted two substantially similar letters from her treating rheumatologist,
18 Dr. Epstein, as part of the record before the ALJ. In the first letter, dated December 15,
19 2005, Dr. Epstein referred to plaintiff's ongoing problems with rheumatoid arthritis and
20 opined that plaintiff was "totally and permanently disabled for any occupation." Id. at 342.
21 In the second letter, dated April 20, 2006, Dr. Epstein discussed her treatment history and
22 stated that "by 2002 her arthritis had progressed to where she was unable to work at any
23 occupation and at that point I would have considered her totally disabled." Id. at 359. Dr.
24 Epstein did not provide any objective data to support his conclusions in either letter.

25 While a physician's opinion as to the ultimate issue is not binding, 20 C.F.R.
26 § 404.1527(e), the ALJ must provide "clear and convincing" reasons for rejected a treating
27 physician's uncontradicted medical opinion. Bilby v. Schweiker, 762 F.2d 716, 718 (9th Cir.
28 1985). Although it is not necessarily conclusive, a treating physician's opinion is entitled to

1 greater weight and may not be rejected by the ALJ without "specific, legitimate reasons for 2 doing so that are based on substantial evidence in the record." Morgan, 169 F.3d at 600. In 3 his decision, the ALJ referred to Dr. Epstein's letter dated December 15, 2005 and rejected 4 the opinion as to plaintiff's disabled status because it went to the ultimate issue and was not 5 supported by the "greater objective record." Tr. at 19. The ALJ concluded that "Dr. 6 Epstein's notes show that despite rheumatoid arthritis flare-up episodes, the claimant's 7 symptoms were brought under reasonable control with medication and cortisone shots." Id.

8  The ALJ relied primarily on the medical expert's testimony to conclude that plaintiff 9 was able to perform the full range of sedentary work as of her date last insured. Id. At the 10 hearing, the medical expert opined that plaintiff was not able to walk or stand more than two 11 out of eight hours a day, lift more than ten pounds, or engage in activities requiring repetition 12 or frequent manipulation of both hands, but that she had no restrictions on sitting. Id. at 458, 13 461. Because the medical expert's testimony is consistent with Dr. Epstein's notes, it 14 provides substantial evidence to support the ALJ's decision. Morgan, 169 F.3d at 600 15 ("Opinions of a non-examining, testifying medical advisor may serve as substantial evidence 16 when they are supported by other evidence in the record and are consistent with it.") (citation 17 omitted).

18  Plaintiff also argues that the ALJ misinterpreted her most recent work experience and 19 failed to consider whether her work as a caregiver was under "sheltered" conditions that took 20 into consideration her impairment. See 20 C.F.R. § 404.1573(c). As evidence that her prior 21 work was under "sheltered" conditions, plaintiff refers to a letter she wrote to the ALJ and 22 submitted after the hearing. Tr. at 450-51. The letter was made part of the record by the 23 Appeals Council. Defendant argues that it does not warrant a remand to the ALJ for 24 consideration. We agree.

25  Remand for consideration of new evidence is only warranted if the evidence is 26 material to a disability determination and plaintiff has shown good cause for not presenting 27 the information to the ALJ earlier. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). 28 Even if plaintiff's letter is material, she cannot show good cause for not presenting the

1  information to the ALJ at or before her hearing. Because plaintiff had the information at all
2  times throughout these proceedings, her failure to submit the evidence in the ALJ's record
3  does not warrant remand. Plaintiff had the burden to show that she could not perform her
4  past relevant work. <u>Matthews v. Shalala</u>, 10 F.3d 678, 679 (9th Cir. 1993). The ALJ's
5  determination that she failed to meet that burden is supported by substantial evidence.

6  Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment
7  (doc. 9). **IT IS FURTHER ORDERED GRANTING** defendant's cross-motion for
8  summary judgment (doc. 12).

9  DATED this 19th day of December, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -